**STATE of Maine**

v.

**James J. KALETA.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 5, 1990.

Decided Oct. 1, 1990.

Neale T. Adams, Dist. Atty., Larry D. Amberger, Asst. Dist. Atty., Caribou, for plaintiff.

Alan F. Harding, Presque Isle, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

McKUSICK, Chief Justice.

Defendant James Kaleta appeals from his conviction on a conditional guilty plea of operating under the influence of intoxicating liquor, 29 M.R.S.A. § 1312–B (Supp. 1989). Specifically, he challenges the affirmance by the Superior Court (Aroostook County, *Pierson, J.*) of the denial by the District Court (Van Buren, *Daigle, J.*) of his motion to suppress evidence obtained in a police stop of his car. Because there was no error in the District Court's denial of defendant's motion to suppress, we affirm the conviction.

■ Officer Bouchard of the Van Buren police was sitting in his car at the scene of a fire around 2:15 a.m. on January 22, 1989. There were two fire trucks at the scene, firefighters in the road, fire hoses stretched across the road, and water running onto the street. In his rearview mirror, Bouchard noticed defendant approaching in a black Plymouth. Defendant was driving within the posted speed limit of 25 m.p.h., but made no attempt to slow down as he drew near the fire scene, despite the obvious hazards. At the last minute he slammed on his brakes to avoid running over the fire hoses, then tried to back up despite his complete lack of vision through his heavily frosted rear window.

When defendant stopped, Officer Bouchard went up to defendant's car and asked, through the open window, if he had seen the hoses. At this time Bouchard smelled beer and saw passengers with open beer cans. Asking defendant for his registration and license, Bouchard observed his bloodshot eyes and smell of alcohol. At Bouchard's request defendant underwent a field sobriety test, which he failed. Bou-

chard arrested defendant for driving under the influence.

■ If Officer Bouchard's conduct constituted a stop, he had ample justification for taking that action. The officer had seen defendant drive into the midst of a firefighting scene at a speed that was unreasonably fast in the circumstances. That conduct violated 29 M.R.S.A. § 1252(1) (1978), which provides that "[a]ny person driving a vehicle on a way ... shall drive the same at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface and width of the way or place, and of any other conditions then existing." Defendant's traffic infraction plainly gave the officer a constitutionally sufficient basis for the investigative stop. The officer's investigation of defendant's violation of law in no way constituted an unreasonable search and seizure contravening the Fourth Amendment. *See Terry v. Ohio*, 392 U.S. 1, 21–22, 88 S.Ct. 1868, 1879–80, 20 L.Ed.2d 889 (1968).

The entry is:

Judgment affirmed.

All concurring.